**In re Harold P. TAYLOR, Debtor.**

**Leslie A. DAVIS, Trustee for the Estate of Harold P. Taylor, Plaintiff,**

v.

**BI–STATE DEVELOPMENT AGENCY OF the MISSOURI–ILLINOIS METROPOLITAN DISTRICT and Division 788 Amalgamated Transit Union, AFL–CIO, Employees' Pension Plan and Harold P. Taylor, Defendants.**

**Bankruptcy No. 87–01211–BKC–JJB.**

**Adv. No. 87–0333–BKC–JJB.**

United States Bankruptcy Court, E.D. Missouri, E.D.

March 21, 1988.

Jeffrey B. Hunt, St. Louis, Mo., for defendant Plan.

Scott A. Greenberg, Clayton, Mo., for trustee.

Gary R. Underwood, St. Louis, Mo., for debtor.

## MEMORANDUM OPINION

JAMES J. BARTA, Chief Judge.

The matter before this Court is a motion to dismiss the Chapter 7 Trustee's Complaint seeking to compel Bi–State Development Agency of the Missouri–Illinois Metropolitan District and Division 788 Amalgamated Transit Union, AFL–CIO, Employees Pension Plan (Pension Plan) to turn over to the Trustee the sums attributable to the Debtor's contributions to the pension plan. For reasons set forth hereafter, the Court denies the Trustee's request, and grants the motion to dismiss.

## JURISDICTION

This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E) and (O), § 1334 of the same Title, and Rule 29 of the Rules of Court for the United States District Court for the Eastern District of Missouri.

## FACTS

At the time of this hearing, Harold P. Taylor was 61 years old and had been employed with Bi–State Development Agency since 1953. At all times relevant to this proceeding, he was a member of Division 788 of the Amalgamated Transit Union (Union). The Pension Plan which is the subject of this proceeding was established pursuant to a collective bargaining agreement between his employer and the Union.

The collective bargaining agreement requires every Union member to participate in the Pension Plan. By its terms, the Pension Plan requires that each participant make weekly contributions to the Plan through payroll deductions.

On April 29, 1987, the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code. The Debtor's schedule of personal property reflects that the value of his interest in the Pension Plan was not known at the commencement of the case.[1]

### ISSUE

The Trustee now seeks an order from the Court compelling the Pension Plan to turn over the value of the Debtor's contributions, which is believed to be $4,564.56.

Counsel for the Pension Plan has voiced strong opposition to the Trustee's action, arguing that the funds are excluded from the estate pursuant to § 541(c)(2).[2] On December 10, 1987, the Pension Plan filed a motion to dismiss the complaint. This Memorandum Opinion is entered after consideration of the parties' oral arguments and supporting memoranda.

### ANALYSIS

The enforceability of a restriction on the transfer of certain beneficial interests of a debtor has been held to be applicable to the traditional spendthrift trust. *In Re Graham*, 726 F.2d 1268 (8th Cir.1984).

■ If a Pension Plan qualifies as a traditional spendthrift trust, a debtor's interest in the trust would then not be an asset of the bankruptcy estate. *In Re Wallace*, 66 B.R. 834 (Bkrtcy.E.D.Mo.1986). In *Wallace, supra*, the Court determined that the voluntary nature of the payments made by the Debtor destroyed the validity of the spendthrift trust to the extent of those contributions. The Court concluded that the trust was in essence "self-settled" to the extent of the Debtor's contributions.

It is generally accepted that a person may not create a trust for his own benefit and include a provision restraining the rights of his creditors. G.T. Bogert, Trusts § 40 at 155–156 (6th Ed.1987). This has been the law in Missouri as well. *Jamison v. Mississippi Valley Trust Co.*, 207 S.W. 788 (Mo.1918); *Electrical Workers, Local No. 1 Credit Union v. IBEW–NECA Holiday Trust Fund*, 583 S.W.2d 154, 162 (Mo. banc 1979).

The Court in the *Wallace* case applied this rule of law to the facts before it. However, the facts in the instant case are not identical to those presented in *Wallace*. Here, the Debtor's contributions to the Pension Plan are mandated by a collective bargaining agreement. There is no evidence to suggest that the Debtor had any control over the amount contributed or the manner or time of the contributions. In the *Wallace* case, however, the Debtor enjoyed the ability to elect to earmark certain funds for contribution to a pension plan.

■ The Debtor here voluntarily accepted his job at Bi–State, and it may be argued that this voluntariness is to be imputed to his Pension Plan contributions even though they are required by an existing collective bargaining agreement.[3] The Court concludes, however, that by themselves, the Debtor's contributions in this case do not give rise to a self-settled trust which must become part of the Bankruptcy estate. The determination of whether the voluntariness is imputed or is a conscious

---

1. The Debtor listed his interest under the pension plan as exempt pursuant to Mo.Rev.Stat. 70.695, which relates to employees of political subdivisions of the state. Originally, the Trustee objected to the Debtor's claim of exemption arguing that the Debtor's employer was not a political subdivision. After considering the arguments of counsel, the Court entered an order on August 18, 1987 concluding that the Debtor was not entitled to claim an exemption pursuant to § 70.695. The issue of whether the Debtor's interest in the Pension Plan was an asset of the estate was not raised by the parties during the proceeding on the Trustee's objection.

2. § 541(c)(2) "A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title."

3. A discussion of an employee's right to disregard the terms of a valid collective bargaining agreement is not necessary to this determination.

election as in the *Wallace* case, is but one analysis to be made.

The Court is similarly not persuaded by the Trustee's argument that the source of the funds is the controlling factor. The determination of the existence of a spendthrift trust must include a consideration of all the factors as a whole. The overall matter of the Debtor's control, or as in this case, the lack thereof, is more revealing than a consideration of the isolated factors.

In determining the extent of a debtor's control over a pension or retirement fund, the following questions should be included in the consideration:

Is the plan a means to accumulate savings, or is it a true retirement plan?

Is the beneficiary truly separate and distinct from the grantor?

Is the plan self-settled?

Is the debtor an automatic participant in the plan?

Is the plan funded in whole or in part by the debtor's contribution?

May the debtor alienate his interest in the fund?

May the debtor elect the amount of the contributions?

Does the debtor in reality enjoy the power to determine when the plan terminates or when distributions are made? See *Mitchell v. West*, [81 B.R. 22] 16 BCD 1325 (BAP, 9th Cir., 1987).

The record in this case does not establish that the Debtor held or exercised a degree of control over the Pension Plan or over his contributions thereto, such that the restrictions on the transfer of the Debtor's beneficial interest are unenforceable. It follows then that these valid spendthrift clauses are recognized by § 541(c)(2), and that the Debtor's interest in this Pension Plan is not property of the Bankruptcy estate. This conclusion is consistent with the Congressional intent to preserve a State's ability to restrict the transfer of spendthrift trusts.

Therefore, by separate order, the Pension Plan's motion to dismiss is being granted.

ORDER

Upon consideration of the record as a whole, and consistent with the reasons set forth in a separate Memorandum Opinion entered in this matter,

IT IS ORDERED that this hearing be concluded; and that the Motion of the Defendant, Bi–State Development Agency of the Missouri–Illinois Metropolitan District and Division 788 Amalgamated Transit Union, AFL–CIO, Employees' Pension Plan, to Dismiss this adversary proceeding is granted; and that the Trustee's complaint for turnover of the value of the Debtor's interest in a certain pension plan is denied; and that each party is to bear its own costs; and that judgment is entered accordingly.